UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANGELA M. SPORER,

                    Plaintiff,

                                                    Case No. 23-cv-828-pp

        v.

WAUKESHA COUNTY,

                    Defendant.

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO
PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), ADOPTING
JUDGE DRIES'S RECOMMENDATION (DKT. NO. 4) AND DISMISSING CASE
FOR FAILURE TO STATE A CLAIM**

        This is the third of three cases the plaintiff filed in this district on June

21, 2023. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed

without prepaying the filing fee. Dkt. No. 2. On August 9, 2023, Magistrate

Judge Stephen C. Dries issued a combined report recommending that this

court dismiss all three cases and that it deny as moot the plaintiff's motions to

proceed without prepaying the filing fee. Dkt. No. 4 at 5.

        The allegations in the complaint in this case are almost identical to those

raised in four cases the plaintiff filed months earlier, on February 8, 2023. See

Sporer v. CDC Wisconsin, Case No. 23-cv-168; Sporer v. Waukesha County

Courthouse Family Court, Case No. 23-cv-169; Sporer v. Menomonee Falls

Police Department, Case No. 23-cv-170; Sporer v. Wisconsin Department of

1

<u>Children and Families</u>, Case No. 23-cv-171. District Judge Lynn Adelman dismissed all four of those cases.

In this case, the plaintiff alleges that

> Daughter Samantha A. Sporer sexually assaulted by 2 people the guy who did it his daughter mystic took my son & never came back. At this time they were human trafficed [sic], used for food, housing, etc. Now they both have HIV & AIDS.

Dkt. No. 1 at 5. She adds that "these people are keeping me from my children that I worked, gave birth too [sic]." <u>Id.</u> She that someone had "Jennifer, Amy, Sam pose" as the plaintiff, and that she is not being told anything. <u>Id.</u> Although the plaintiff names Waukesha County as the defendant, the body of the complaint does not mention Waukesha County.

In his recommendation, Judge Dries emphasized that he previously had addressed the same allegations:

> [The plaintiff's] latest claim makes allegations identical to those previously dismissed by Judge Adelman. I will once again repeat: [the plaintiff] may not sue for injuries suffered by her adult children, nor may she sue in federal court to vindicate her visitation rights— particularly because, as just stated, her children are adults, so any visitation rights to them expired when those children reached the age of majority. [The plaintiff] cannot pursue a claim duplicative of one that has already been dismissed by this court, especially when she filed no objections to my recommendations to dismiss her last four claims.

Dkt. No. 4 at 5. Judge Dries warned the plaintiff that she could face sanctions or a filing bar if she continued to file frivolous cases. <u>Id.</u> Judge Dries notified the plaintiff that she must file any written objections to his recommendation in this case within fourteen days of service of the recommendation. <u>Id.</u> The fourteen-day deadline expired on August 23, 2023; the court did not receive an

objection from the plaintiff by that deadline and has not received an objection as of the date of this order.

Under Federal Rule of Civil Procedure 72, if a party does not object to a magistrate judge's report and recommendation, the district court reviews the recommendation for clear error. Fed. R. Civ. P. 72(b); Johnson v. Zema Systems Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). Because the plaintiff did not timely file an objection, this court reviews Judge Dries's report and recommendation only for clear error. Judge Dries's report and recommendation were not clearly erroneous.

When addressing the four cases she filed in February 2023, Judge Dries explained that the plaintiff had not stated an injury in fact, that she could not sue on behalf of her adult children and that the court did not have diversity jurisdiction over her claims against a Wisconsin entity. Case No. 23-cv-169, Dkt. No. 5 at 6. Judge Dries indicated if the events the plaintiff had alleged in the complaint had occurred, the plaintiff's adult children could pursue legal claims relating to their alleged injuries and abuse. Id. at 7. The plaintiff did not file any objection to Judge Dries's recommendations for dismissal in that case.

In this case, the plaintiff has again attempted to make claims on behalf of her adult children. She attempts to state an injury to herself by alleging that she is being kept from her children and that people are posing as her and not telling her anything. But she does not explain how she is being kept from her children, or who is keeping her from them, or what they are doing to pose as her. She does not explain how Waukesha County is involved in the events she

3

describes. And again, she is a Wisconsin resident who has sued a Wisconsin entity, which means this court does not have diversity jurisdiction. The court must dismiss the complaint.

Although the Seventh Circuit Court of Appeals has advised district courts that ordinarily they should give a plaintiff at least one opportunity to amend before dismissing the case, the court is not required to do so when it is certain from the face of the complaint that amendment would be futile. Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and Nw. Ind., 786 F.3d 510, 519-20 (7th Cir. 2015) (citations omitted). The court concludes that given the nature of the plaintiff's earlier lawsuits, the fact that Judge Adelman dismissed those claims months ago and the fact that the plaintiff has not remedied the deficiencies Judge Dries identified, allowing her to amend would be futile.

The court **ADOPTS** the recommendation of the magistrate judge. Dkt. No. 4. The court **DISMISSES** this case for failure to state a claim. The clerk will enter judgment accordingly.

The court **DENIES AS MOOT** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court advises the plaintiff that if she continues to file lawsuits over which this court has no jurisdiction, or that are frivolous, malicious or fail to state a claim for which a federal court may grant relief, the court may impose sanctions, including imposing monetary sanctions or barring her from filing future lawsuits.

4

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty (30)** days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects the parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 29th day of August, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**